JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARIA ENAMORADO, | ) | Case No. CV 25-0037 FMO (AGRx) |
| Plaintiff, | ) | |
| v. | ) | **ORDER REMANDING ACTION** |
| SPARC GROUP LLC, et al., | ) | |
| Defendants. | ) | |

On November 18, 2024, Maria Enamorado ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against defendants Sparc Group LLC ("Sparc Group"), Aero Opco LLC, and Aeropostale, Inc. ("defendants"), asserting state law claims relating to her employment.  (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1 & 13); (Dkt. 1-1, Complaint at ¶¶ 48-100).  On January 2, 2025, Sparc Group removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332 and 1441(b).  (See Dkt. 1, NOR at ¶ 4).  Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden

of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a),[2] complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"), and the amount in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).  Here, the court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).  In other words, plaintiff could not have originally brought this

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] In relevant part, 28 U.S.C. § 1332(a) provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[3] See 28 U.S.C. § 1332(a).

Sparc Group, a limited liability company ("LLC"), (see Dkt. 1, NOR at ¶ 6), contends that complete diversity exists because plaintiff is a citizen of California, (see id. at ¶ 5), and Sparc Group is "a Delaware limited liability company."[4] (Id. at ¶ 6). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Here, Sparc Group does not specify the citizenship of its members – stating merely that "[o]n information and belief, none of SPARC GROUP LLC's owners/members are citizens of California[,]" (Dkt. 1, NOR at ¶ 6), is insufficient because such a statement does not identify what state the members are citizens of nor does it indicate whether any of the members are composed of another layer of LLCs or limited partnerships. See Lindley Contours, LLC v. AABB Fitness Holdings, Inc., 414 F.Appx. 62, 64-65 (9th Cir. 2011) (holding that allegation that no member of limited partnership "is an Oregon citizen" is insufficient to establish complete diversity because such an assertion does "not identify of what state they are a citizen nor whether they are composed of another layer of partnerships"). Of course, to the extent any of Sparc Group's members include other LLCs, partnerships, or limited partnerships, the citizenship of each individual member of those entities must also be alleged. See id.

In short, Sparc Group has "failed to satisfy [its] burden to show complete diversity between the parties." Lindley, 414 F.Appx. at 64; see Amescua v. Peacock TV LLC, 2024 WL 39192, *3 (C.D. Cal. 2024) (remanding action where LLC defendant "fail[ed] to specifically identify [its] member's members and allege each one's citizenship"). Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Sparc Group has met its burden. Therefore, there is no basis for diversity jurisdiction.

---

[3] Sparc Group seeks only to invoke the court's diversity jurisdiction. (See Dkt. 1, NOR).

[4] Sparc Group also notes that Aero Opco LLC "is not a separate entity" and "Defendant AEROPOSTALE, INC. does not exist." (See Dkt. 1, NOR at ¶ 6 & 8).

     **This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

     Based on the foregoing, IT IS ORDERED THAT:

     1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

     2. The Clerk shall send a certified copy of this Order to the state court.

Dated this 30th day of January, 2025.

                                              /s/
                                    Fernando M. Olguin
                                United States District Judge